IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CHRISTOPHER LOWE HICKLIN DC PLC d/b/a Clark Road Chiropractic, a Florida limited liability company, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 14-CV-02657-VMC-TGW<br>) |
| Plaintiff, | ) **CLASS ACTION** |
| v. | )<br>) |
| NATIONAL PEN CO. LLC, NATIONAL PEN HOLDINGS, LLC and JOHN DOES 1-10, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S MOTION TO PRESERVE EVIDENCE FROM WESTFAX, INC. AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, CHRISTOPHER LOWE HICKLIN DC PLC d/b/a Clark Road Chiropractic, ("Plaintiff"), on behalf of itself and all others similarly situated, through its attorneys, brings this motion pursuant to Rule 26, 30-34, and 45 of the Federal Rules of Civil Procedure to preserve evidence from WestFax, Inc. ("WestFax"), and in support thereof states as follows:

1. Plaintiff's Class Action Complaint alleges that Defendants faxed seven (7) advertisements to Plaintiff and others on or about August 6, 2014, September 9, 2014, September 25, 2014, October 1, 2014, October 8, 2014, October 15, 2014, and October 16, 2014 (Doc. # 1). By sending those unsolicited advertising faxes, Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff's investigation has revealed that Defendants utilized the services of a third-party fax broadcaster named WestFax. Upon information and belief, WestFax may have the transmission reports, and other electronic data, that show which fax numbers successfully received Defendants' advertising faxes. However, according to WestFax, the transmission reports are

automatically deleted within 60-90 days following each fax broadcast.  This information is needed to establish which recipients are in the proposed class and how many possible violations occurred.

       3.       On October 22, 2014, Plaintiff requested WestFax preserve the evidence in this case. A copy of the preservation letter is attached hereto as <u>Exhibit A</u>.  However, WestFax, through its attorney, Bill Hayes, responded that WestFax has no contractual duties owed to Plaintiff, but will preserve the evidence with an appropriate Court Order.

       4.       Therefore, Plaintiff moves this Court for a preservation order allowing and requiring third-party WestFax to preserve the following items:

    a. All electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail systems usage) sent or received by anyone relating to Defendants;

    b. All other electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail system usage) containing information regarding Defendants;

    c. All databases (including all records and field structural information in such databases); containing any reference to and/or information about Defendants;

    d. All logs of activity or any computer system which may have been used to process or store electronic data containing information about Defendants;

    e. All word processing files and file fragments containing information about Defendants;

    f. With regard to electronic data created by application programs that process financial, accounting and billing information, all electronic files and file fragments containing information about Defendants;

    g. All files and file fragments containing information from electronic calendars and scheduling programs where such data files contained information about Defendants;

    h. All electronic data files and file fragments created or used by electronic spreadsheet programs where such data files contained information about Defendants;

    i. All other electronic data containing information about Defendants; and

      j.    All electronic mail from third party resources (e.g. Hotmail, Yahoo, Gmail, AOL, etc.) that may contain references or correspondence regarding Defendants.

5. District Courts are afforded broad discretion in the scheduling of discovery. *Johnson v. Board of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001). Rule 26(d) allows a trial court discretion to modify the normal time limitations that apply under the discovery rules where good cause is shown. Rule 34 allows a party to seek designated tangible things relevant to an action, and subsection (b)(2) of Rule 34 allows a court to shorten or enlarge the time for doing so.

6. Good cause exists for this Court to enter a preservation order as outlined above as WestFax only keeps the transmission reports for 60-90 days. Therefore, the August 6 transmission reports may have already been deleted by WestFax. The September 9 transmission reports are in danger of being lost forever. Courts have ordered expedited discovery due to the risk of irreparable injury. *Fimab-Finanziaria v. Kitchen*, 548 F. Supp. 248, 250 (S.D. Fla. 1982) ("expedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time.") *See also United States v. Mayer*, 2003 WL 1950079 (M.D. Fla. 2003)(ordering expedited discovery due to the risk of irreparable injury).

7. Here, Plaintiff is not seeking WestFax to produce the documents identified in paragraph 4 (a-j), but merely to preserve them so they can produce any responsive documents within the normal discovery process. Defendants will not be unfairly prejudiced as they will have an opportunity to review the subpoena for records directed to WestFax and have the opportunity to object if they so choose.

8. Defendants were served on October 22, 2014 and their responsive pleading is not is due until November 12, 2014. As of this date, no appearance has been filed, nor has Plaintiff's counsel been contacted by Defendants or their attorneys.

      WHEREFORE, Plaintiff, CHRISTOPHER LOWE HICKLIN DC PLC d/b/a Clark Road Chiropractic, individually and on behalf of all others similarly situated, respectfully

requests that the Court enter an Order to preserve the data identified paragraph 4 (a-j), and for any other relief this Court deems just in the premises.

Respectfully submitted,

CHRISTOPHER LOWE HICKLIN DC PLC d/b/a Clark Road Chiropractic, individually and as the representative of a class of similarly-situated persons,

By: s/ Ryan M. Kelly
 Ryan M. Kelly – FL Bar No.: 90110


Ryan M. Kelly
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501
rkelly@andersonwanca.com

# CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/Ryan M. Kelly
Ryan M. Kelly
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
rkelly@andersonwanca.com
Telephone:  (847) 368-1500
Facsimile:  (847) 368-1501